United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. C 15-2114 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| FRANK MORENO; ANDREW DUNN, | |
| Defendants. / | |

## INTRODUCTION

This is a pro se civil rights complaint filed by a California prisoner proceeding pro se under 42 U.S.C. 1983 against two individuals who provided evidence to the police that was eventually used in the criminal prosecution of plaintiff. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED**.

## DISCUSSION

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.    LEGAL CLAIMS**

Plaintiff alleges that Frank Moreno and Andrew Dunn provided evidence to the police that was eventually used in prosecuting plaintiff on criminal charges. Moreno worked for a company called "420 Lifestyles" and Dunn worked for a company called "Checks 2 Cash." Plaintiff claims that they provided the evidence illegally because the police did not have a warrant.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff satisfies neither element of a Section 1983 claim. Defendants are not state actors insofar as they are employees of private companies. In addition, the Fourth Amendment's warrant requirement applies to actions by the police and other law enforcement officials, not to witnesses or other private citizens who provide evidence to those officials. To the extent plaintiff would like to seek tort or other claims under state law against

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June   1   , 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE